[Civ. No. 5255.   Fourth Dist.   Oct. 29, 1956.]

KERLEY CHEMICAL CORPORATION, Appellant, v. TROY COLBOCH, Defendant; TOM C. BENSON, Third Party Claimant and Respondent.

Winthrop O. Gordon and Nathan W. Tarr for Appellant.

No appearance for Respondent.

BARNARD, P. J.—This appeal is presented on a settled statement, the facts being undisputed. On March 2, 1955, the plaintiff brought this action and on the same day attached a certain Piper aircraft on the theory that it was the property

*Assigned by Chairman of Judicial Council.

of the defendant. Thereafter, Tom C. Benson filed a third party claim alleging that he is the owner of a chattel mortgage on the airplane securing a note for $7,158, and asking for proper relief. A hearing to determine title was held, in accordance with section 689 of the Code of Civil Procedure, at which certain letters and certified copies of certain documents material to the matter were received as exhibits. After argument the matter was submitted, and the court entered an order finding that Benson's third party claim is valid. The plaintiff has appealed from that order.

On February 9, 1955, Benson sold this airplane to Colboch and executed a bill of sale which recited that it was subject to a chattel mortgage, dated February 8, 1955, for $7,158 in favor of Benson. On February 9, Colboch executed a chattel mortgage on this airplane in favor of Benson for $7,158. On February 9, Benson's attorneys mailed this bill of sale and chattel mortgage to the Civil Aeronautics Administration in Washington, D. C., with a letter stating that the certificate of registration should be returned to the new owner, and also stating "Please record the chattel mortgage as a lien against this air craft and return, if possible, the chattel mortgage so that it may be recorded in Pinal County, Arizona." The bill of sale is stamped by the Civil Aeronautics Administration as received on February 14, 1955, and as recorded on February 18, 1955, at 9:56 a. m. The chattel mortgage is stamped as received on February 14, 1955; as received by "Admin. & Records Branch" on February 15, 1955, at 8:45 a. m.; again as received by Admin. & Records Branch on March 4, 1955 at 2:41 p. m.; and as "recorded" on March 9, 1955, at 4 p. m. It was also recorded in Pinal County, Arizona on March 28, 1955.

The reason why this chattel mortgage was received by the Admin. & Records Branch of the Civil Aeronautics Administration on February 15 and again on March 4, is explained by a letter written by the chief of that branch to Benson's attorneys dated February 23, 1955. This letter admits the receipt of "documents covering Piper air craft" and check for filing fees, and states that this aircraft was registered in the name of Colboch on February 18, 1955, and certificate of registration forwarded to him on that date. The letter then goes on to reply to the request that the chattel mortgage itself be returned to the attorneys by stating that when the return of such a conveyance is desired a certified copy must accompany the original instrument; that "after recordation is

completed'' the certified copy will be retained in that office and the original returned; and that they are returning the original mortgage therewith in order that it might be resubmitted together with the certified copy.

Section 2958a of the Civil Code provides that the mortgage of any aircraft registered and licensed under federal laws is void as against outside persons unless the mortgage is registered or recorded in accordance with the federal laws. Section 523 of title 49 of the United States Code, Annotated, provides that the administrator shall maintain a system for recording any conveyance which affects the title to, or any interest in, any civil aircraft; that no conveyance the recording of which is thus required shall be valid as against outsiders until such conveyance ''is filed for recordation in the office of the administrator''; that each conveyance thus recorded ''shall from the time of its filing for recordation be valid as to all persons without further or other recordation''; and that the administrator shall keep a record of the time and date of the filing of conveyances with him, and also of the time and date of recordation thereof. In section 401 of title 49, the definition of a conveyance includes a mortgage or other instrument affecting the title to or an interest in the property.

The appellant contends that when it attached this airplane on March 2, 1955, this chattel mortgage was not of record with the Civil Aeronautics Administration as required by law, and hence was void as to the rights of appellant and the third party claim was therefore invalid. It is argued that the requirement of the federal statute that the conveyance be ''filed for recordation'' before it is valid should be construed not only as requiring that the instrument be received in the federal office with the intent that it be recorded, but also that the instrument be permanently retained in that office as a public record; that in this case the mortgage was offered for filing only subject to the condition that the original could be returned after it was recorded; that since this could not be done, under the rules of the department, the mortgage was not ''filed for recordation'' but was returned in order that a proper request for filing could later be made; and that it follows that this mortgage is void as to appellant's rights, since it had not been filed for recordation when the airplane was attached on March 2. The appellant relies on such cases as *Tregambo* v. *Comanche Mill & Min. Co.*, 57 Cal. 501; *Leeper* v. *Ginsberg,* 58 Cal.App.2d 591 [137 P.2d 859] ; *Estate of Carroll,* 190 Cal. 105 [210 P. 817], in which it has been

stated that a paper is said to be filed when it is delivered to the proper official with the intention that it shall be retained in that office as a part of the official record.

The federal statute contemplates a delay between filing such a document for recordation in the office of the administrator, and the actual recordation thereof. The exhibits here indicate that such a delay normally occurs in practice since the certificate of registration by which title to the airplane passed to Colboch is stamped as received on February 14 and as recorded on February 18; and the chattel mortgage was received the second time on March 4 and is stamped as recorded on March 9. Apparently it was because such a delay was to be expected, and to prevent that delay from affecting the time at which the conveyance or lien should take effect, that the statute specifically provided that the instrument should be valid from "the time of its filing for recordation."

This mortgage was on February 9 sent to the department with the request that it be recorded as a lien against this aircraft, and it was received by the department on February 14 and by the Records Branch on February 15. The request that the instrument be returned to the attorneys after recordation "if possible" was not a condition to its being filed for recordation. It did not constitute a withdrawal of the request for filing already made, and it did not affect the time at which the mortgage had been "filed for recordation." The department recorded the bill of sale and five days later wrote the letter of February 23 stating that if the return of the original document was desired a certified copy must be sent, sending the original mortgage so that this could be done, and stating that they were retaining the filing fee pending the return to them of the mortgage with a certified copy. It rather clearly appears that the department had received and accepted the mortage as being "filed for recordation," and that the original was returned merely to accommodate the mortgagee by enabling him to substitute a certified copy after the recordation should be completed, and not because the mortgage had not already been filed for recordation. The mortgage was sufficiently "filed for recordation" on February 15; under the terms of the statute it was valid from that time; and the evidence supports the court's finding and order to that effect.

The appellant further argues that if it had examined the record in the office of the Civil Aeronautics Administration it would have found only the record of the bill of sale, which stated that the mortgage to Benson for $7,158 was dated

February 8, 1955, and that it would have found no record of such a mortgage to Benson for $7,158 dated February 9, 1955. The mortgage in question having been filed for recordation at least on February 15, 1955, it must be presumed that a record thereof was kept since the statute requires the administrator to keep in his office a record not only of the time and date of recordation of an instrument but also the time and date of the filing of the same for recordation.

The order appealed from is affirmed.

Griffin, J., concurred.

A petition for a rehearing was denied November 20, 1956, and appellant's petition for a hearing by the Supreme Court was denied December 24, 1956.