In the Matter of DISNEY, INC., dba Salmon Airtaxi, Debtor.

and

Richard D. Disney and Jerri E. Disney, dba Salmon Airtaxi, Debtors.

L.D. FITZGERALD, Trustee, Plaintiff,

v.

The IDAHO FIRST NATIONAL BANK, Defendant.

Bankruptcy No. 82–0186.

United States Bankruptcy Court, D. Idaho.

Oct. 29, 1982.

Jim D. Pappas, Green, Service, Gasser & Kerl, Pocatello, Idaho, for plaintiff.

Larry E. Prince, Langroise, Sullivan & Smylie, Boise, Idaho, for defendant.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

This matter is before the court upon trustee's complaint seeking to avoid the security interest of defendant in a certain airplane and also on defendant's counterclaim seeking a vacation of the 362 stay against foreclosure of its security interest. The parties have filed a stipulation of facts and have submitted the matter on these facts, briefs, and oral argument.

On May 12, 1980, defendant bank advanced debtor Richard Disney $29,340.68 for the purchase of a 1954 Beechcraft airplane. Richard Disney executed a promissory note for this amount and he also granted defendant a security interest in the airplane, log book, owner's manual and related documents. The seller executed a bill of sale on the approved Federal Aviation Administration (FAA) form on May 12, 1980, transferring the plane to purchasers "Disney, Richard C. or Disney, Jerri E." Richard and Jerri are husband and wife and the aircraft was the community property of these debtors.

On the following day, May 13, Richard and Jerri Disney, as applicants, executed an aircraft registration application on the approved FAA form. Both this document and the bill of sale Sale referred to above indicated that Richard and Jerry Disney were "co-owners" of the aircraft and both debtors signed these documents. However, the security agreement and promissory note were executed by Richard Disney alone. Under Idaho law, such documents are valid and enforceable against the community interests of both Richard and Jerri Disney.

The bank sent the security agreement, application for aircraft registration, bill of sale and required fees to the FAA Aircraft Registry in Oklahoma City, Oklahoma on May 13, 1980. The FAA received and "filed" these documents on May 22, 1980. The FAA "recorded" the application for registration and the bill of sale on June 20, 1980. However, it refused to "record" the security agreement reflecting defendant's security interest in the airplane because Jerri Disney had not signed the security agreement as a co-owner. An FAA document dated June 20, 1980, reflects the reason for this action and, although addressed and presumptively mailed to defendant, this document was not received by the bank.

The trustee seeks in his status as an unsatisfied judicial lien creditor under 11 U.S.C. § 544(a) to avoid the security interest of defendant on the ground that it was not perfected prior to the date of the filing of debtors' petitions for relief.

▮ While the validity of security interests in airplane or airplane parts is governed by state law, see 49 U.S.C. § 1406, the perfection of those interests is governed by federal law. Idaho Code 28–9–302(3)(a). Perfection of such interests is controlled by the provisions of 49 U.S.C. § 1403 which provides in pertinent part:

"(a) The Secretary of Transportation shall establish and maintain a system for the recording of each and all of the following:

(1) Any conveyance which affects the title to, or any interest in, any civil aircraft of the United States . . . .

(c) No conveyance or instrument the recording of which is provided for by subsection (a) of this section shall be valid in respect of such aircraft . . . against any person other than the person by

whom the conveyance or other instrument is made or given, his heir or devisee, or any person having actual notice thereof, until such conveyance or other instrument is filed for recordation in the office of the Secretary of Transportation . . .

(d) Each conveyance or other instrument recorded by means of or under the system provided in subsection (a) or (b) of this section shall from the time of its filing for recordation be valid as to all persons without further or other recording . . . .

(f) The Secretary of Transportation shall keep a record of the time and date of the filing of conveyances and other instruments with him and of the time and date of the recordation thereof. He shall record conveyances and other instruments filed with him in the order of their reception, in files to be kept for that purpose, and indexed according to—

(1) the identifying description of the aircraft . . . and

(2) the names of the parties to the conveyance or other instrument."

Trustee contends that, under the terms of the statute, the defendant's lien was not perfected, and therefore not valid as against the trustee under § 544(a), since the security agreement was not recorded even though it was admittedly "filed for recordation" prior to debtors' bankruptcies. Defendant bank argues that such filing perfects the interest as against the trustee under 49 U.S.C. § 1403(c) and therefore under § 544(a).

 I conclude that defendant's security interest was perfected upon filing with the FAA and is not avoidable by the trustee for the following reasons:

1. The federal statute, *supra*, establishes that "filing for recordation" of a security document is the operative fact which establishes perfection. The date of filing is the date on which a conveyance is valid against all persons other than parties to the conveyance or persons having actual notice thereof. § 1403(c).

2. The "filing for recordation" gives constructive notice of the document filed because the FAA is required to keep a record of the date and time of filing and to maintain two indexes showing the filing and the actual document is on file. One index is by the name of the parties involved and the other is by the assigned N number of the aircraft. § 1403(f).

3. Plaintiff contends that subsection (d) of § 1403 makes "filing for recordation" insufficient for perfection until the FAA goes through a second process of "recording" the documents. As is evident in this case, the FAA has devised its own rules of what it will actually record, but a failure to meet those requirements does not, under the terms of the statute, nullify the effect of "filing" for recording established by § 1403(c).

The purpose, or apparent purpose, of the distinction between filing and recording was discussed by the court in *Kerley Chemical Corp. v. Colboch,* 145 Cal.App.2d 509, 302 P.2d 621 (1956). In that case, title documents and a chattel mortgage were received by the Civil Aeronautics Administration (predecessor to the FAA) and thus "filed for recordation". The mortgagee requested that the mortgage be returned following recordation so that it might also be recorded in the state of conveyance. The CAA returned the mortgage, prior to its recording, with the instructions that both the original mortgage and a certified copy should be sent to the CAA and that, after the recordation thereof was completed, the CAA would return the recorded original and retain the recorded certified copy. The mortgagee submitted the duplicates but a competing creditor attached the airplane involved some seven days before the CAA actually recorded the mortgages.

The court noted that the federal statute necessarily contemplated a delay between the filing for recordation and the actual recording of the document by the agency. Recognizing the existence of the delay, and to prevent the delay from affecting the time at which conveyances or liens concerning the airplane were to take effect, the

statute specifically provided for the validity of the conveyance as against third parties without notice from the time of filing. The agency is required to maintain, pursuant to statute, indexes reflecting such filing, and the court presumed that such a record was kept and, therefore, provided notice of the filing of the mortgage.

Thus, I conclude under the language of the statute, and in light of the court's analysis in *Kerley Chemical,* the security interest of a creditor who files its documents with the FAA is perfected as against third parties without actual notice as of the date of such filing. As stated above, I conclude the "recording" of the documents by the FAA is not by the express provisions of the statute made a condition precedent to the effectiveness of the filing for recordation as "perfection" of the security interest.

4. Defendant bank has a valid security interest in the aircraft under Idaho law. A third party, without actual knowledge of this agreement, would receive notice of the filed document upon a search of the FAA records. The fact that the FAA regulations require co-owners to sign a security agreement in no way vitiates the legal efficacy of such an agreement under state law or its perfection by filing with the FAA Aircraft Registry.

I, therefore, find for defendant on plaintiff's complaint and for defendant upon its counterclaim. Counsel for defendant may submit a proposed judgment in accord with this decision for my signature.