In re Michael P. **FARINA** d/b/a the Five Chimneys Inn Province Lake Country Club and a/k/a M.F. Trust, Debtors.

Michael P. **FARINA, Plaintiff,**

v.

**SOUTH SHORE BANK, Defendant.**

Bankruptcy No. 280–00164.
Adv. No. 280–0108.

United States Bankruptcy Court,
D. Maine.

Nov. 16, 1982.

**412**

Richard E. Poulos, Michael Pearce, Portland, Me., for plaintiff.

William F. Macauley, Joanne M. Neale, Craig & Macauley, P.C., Boston, Mass., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this adversary proceeding, the debtor in possession, Michael P. Farina, seeks a determination that defendant South Shore Bank's security interest in his aircraft is unperfected and that he has priority as a hypothetical lien creditor from the date of the petition.[1] South Shore Bank claims a perfected prepetition security interest.

In August of 1979, M.F. Trust, of which the debtor is the sole trustee, purchased an aircraft and executed a Security Agreement—Aircraft Chattel Mortgage granting South Shore Bank a security interest in the

aircraft, a 1977 Cessna 185. South Shore Bank forwarded the security agreement, together with an aircraft registration application and a bill of sale, to the Federal Aviation Title Company, which submitted the documents to the Air Registration Branch of the Federal Aviation Administration (FAA). The FAA stamped these documents as received on October 5, 1979. The agency returned the registration application and the bill of sale to South Shore Bank, however, because these documents failed to name the debtor as trustee of the M.F. Trust. The security agreement was retained by the FAA. The FAA also requested that the debtor submit a copy of the trust agreement and an affidavit stating that all beneficiaries of the trust were United States citizens. On September 16, 1980, after all the missing documents and signatures had been received, the FAA recorded the chattel mortgage. Meanwhile, on April 2, 1980, an involuntary petition under chapter 7 had been filed against the debtor. The case was subsequently converted to chapter 11.

The debtor claims that South Shore Bank's security interest was not perfected as of April 2, 1980 and, thus, that he has priority under 11 U.S.C.A. § 544(a) (1979). He alleges that the post April 2, 1980 submission of documents and the September 16, 1980 recording were in violation of the automatic stay provided for in 11 U.S.C.A. § 362(a)(4) (1979) and are, therefore, void. South Shore Bank claims that its security interest was perfected when the FAA received the security agreement on October 5, 1979.

Section 503 of the Federal Aviation Act, 49 U.S.C.A. § 1403, directs the United States Secretary of Transportation to establish a system for recording instruments which affect any interest in a United States aircraft. 49 U.S.C.A. § 1403(a)(1) (1976). *See also* Recording of Aircraft Title and Security Documents, 14 C.F.R. pt. 49 (1982). Security interests governed by a United States statute are not subject to Article 9

[1]. 11 U.S.C.A. § 1107(a) (1979), with exceptions not pertinent here, gives a debtor in possession all of the rights, powers, duties and functions of a trustee.

of the Uniform Commercial Code. U.C.C. § 9–104(a). *See also* U.C.C. § 9–302(3)(a) (financing statement irrelevant). Thus, section 1403 determines the proper method for perfecting and the effective date of perfection of security interests in aircraft. Section 1403 provides:

> No conveyance or instrument . . . shall be valid in respect of such aircraft . . . until such conveyance or other instrument is filed for recordation. . . . Each conveyance or other instrument recorded by means of or under [this] system . . . shall from the time of its filing for recordation be valid as to all persons without further or other recordation. . . .

49 U.S.C.A. § 1403(c), (d) (1976). The phrase "filed for recordation" is defined in the FAA regulations: "A conveyance is filed for recordation upon the date and at the time it is received by the FAA Aircraft Registry." 14 C.F.R. § 49.19 (1982).

Lien priorities under section 1403 have been at issue in several cases and the courts have uniformly found that the liens in question took effect when the documents were received by the Aircraft Registration Office without regard to the actual date of recordation. In *Kerley Chemical Corp. v. Colboch*, 145 Cal.App.2d 509, 302 P.2d 621 (1956), the court pointed out that the statute contemplated delay in recording and that its purpose was to prevent this delay from affecting the time when the lien became effective, which the court found to be at filing. The court gave priority to a creditor's chattel mortgage over the plaintiff's attachment even though the chattel mortgage had been returned to the creditor by the aircraft registry at the time the plaintiff attached the aircraft. *Accord, J.C. Equipment, Inc. v. Sky Aviation, Inc.*, 498 S.W.2d 73 (Mo.App.1973) (constructive notice effective from time of filing). *See also* Construction and Effect of 49 U.S.Code § 1403, 22 A.L.R.3d 1270, 1280–81 (1968). In *Dowell v. Beech Acceptance Corp.*, the California Supreme Court stated, "an instrument is valid as to all persons without further or other recordation 'from the time of its filing for recordation.' " 3 Cal.3d 544, 84 Cal.Rptr. 654, 663–64 n. 13, 476 P.2d 401, 410–11 n. 13 (1970).

South Shore Bank filed a valid security agreement for recordation on October 5, 1979. Although the FAA did not record the bank's security agreement until September 16, 1980, the earlier filing served as constructive notice and gave South Shore Bank's security interest priority over other creditors as of October 5, 1979. The debtor did not have hypothetical lien creditor status under section 544(a) of the Code until the petition was filed on April 2, 1980; therefore, South Shore Bank's security interest has priority over the debtor's lien.

The debtor argues that for an instrument to be valid from filing for recordation under section 1403(d) it must be actually recorded. He contends that the FAA's September 16, 1980 recording was void because it violated the automatic stay of section 362(a)(4) of the Bankruptcy Code. Thus there never was an actual recording and the relation-back-to-filing provision of section 1403(d) is inapplicable.

Section 362(a)(4) provides: "a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of . . . any act to create, perfect, or enforce any lien against property of the estate. . . ." 11 U.S.C.A. § 362(a)(4) (1979). In view of the broad language of the section, the submission of supplementary documents, resubmission of the application and bill of sale, and the actual recording of the chattel mortgage after April 2, 1980 may be a technical violation of the stay. *But cf. In re Fiorillo & Co.*, 19 B.R. 21, 8 B.C.D. 1169 (Bkrtcy.S.D. N.Y.1982) (relation back of mechanic's lien operated as exception to automatic stay). Under the language of the recording statute, section 1403, however, these subsequent actions had no effect on perfection, which took place at "filing for recordation" on October 5, 1979. That filing served as constructive notice of South Shore Bank's security interest and, thus, the purpose of the recording statute was fulfilled.

The debtor, in his complaint, also asserted that South Shore did not perfect its security interest in the Pee Kay 3,000 floats,

NAV/COM, ADF, marker beacons, VORS, and transponder. He has apparently abandoned this argument. The court has examined the relevant documents and finds that the Uniform Commercial Code filing was proper and that South Shore's security interest in the floats and other equipment is perfected.

Accordingly, South Shore Bank's security interest in the aircraft, Pee Kay 3,000 floats, NAV/COM, ADF, marker beacons, VORS and transponder is declared prior to that of the debtor as hypothetical lien creditor.

An appropriate order will be entered.