ROSS, Circuit Judge.
Victor L. Gelking (debtor) filed a Chapter 7 bankruptcy petition on August 21, 1981. The trustee of his estate, Phillip D. Armstrong, sought to avoid the State Bank of Towner’s (bank’s) security interest in the debtor’s airplane, pursuant to his status as an unsatisfied judicial lien creditor under 11 U.S.C. § 544(a) (1982), on the ground that the bank’s security interest was not perfected prior to the date the debtor filed for bankruptcy. The bankruptcy court found that the bank’s security interest had been perfected prior to August 21, 1981. This determination was affirmed by the district court. The trustee appeals to this court. We affirm.
FACTS
From 1969 to January of 1981, the debtor operated a business in Minot, North Dakota, known as Minot Aircraft Sales. On September 27, 1979, the debtor obtained a loan from the bank for the purchase of two airplanes. Subsequently, the debtor exchanged the two airplanes for a 1978 Piper Lance airplane owned by D.D.C., Inc. The bank released its liens on the two exchanged airplanes upon the debtor’s execution of a new security agreement granting the bank a security interest in the 1978 Piper.
This security agreement was then mailed, along with the debtor’s bill of sale *780 from D.D.C., Inc. and an application for registration, to the Federal Aviation Administration (FAA). These documents were filed for recordation with the FAA on May 12,1981. The security agreement was filed a second time on July 20, 1981. Actual recordation of the security agreement, however, did not occur until November 17, 1981. This delay in recordation was partially caused by the bank’s failure to supply evidence of the debtor’s complete chain of ownership (i.e., bill of sale from initial owners to D.D.C., Inc. and the original bill of sale to the initial owners).
DISCUSSION
The relevant North Dakota statutory provisions read as follows:
3. The filing of a financing statement otherwise required by this chapter is not necessary or effective to perfect a security interest in property subject to: a. A statute or treaty of the United States which provides for a national or international registration or a national or international certificate of title or which specifies a place of filing different from that specified in this chapter for filing of the security interest.
* 4c * Jfc Jfc #
4. Compliance with a statute or treaty described in subsection 3 is equivalent to the filing of a financing statement under this chapter, and a security interest in property subject to the statute or treaty can be perfected only by compliance therewith except as provided in section 41-09-03 on multiple state transactions. Duration and renewal of perfection of a security interest perfected by compliance with the statute or treaty are governed by the provisions of the statute or treaty; in other respects, the security interest is subject to this chapter.
N.D.C.C. § 41-09-23(3)(a), (4) (Uniform Commercial Code § 9-302(3)(a), (4)). The Federal Aviation Act provides a central clearing house for the recordation of interests in aircraft and, as such, is a type of statute referred to in subsection (3)(a) of N.D.C.C. § 41-09-23. 49 U.S.C. § 1403 (1982). See Philko Aviation, Inc. v. Shacket, 462 U.S. 406, 103 S.Ct. 2476, 2479, 76 L.Ed.2d 678 (1983); U.C.C. § 9-302 comment 8. Accordingly, under North Dakota law, security interests in aircraft can be perfected “only by compliance” with the Federal Aviation Act.
The pertinent portions of the Federal Aviation Act provide as follows:
Validity of conveyances or other instruments; filing
(e) No conveyance or instrument the recording of which is provided for by subsection (a) of this section shall be valid in respect of such aircraft * * * against any person other than the person by whom the conveyance or other instrument is made or given, his heir or devi-see, or any person having actual notice thereof, until such conveyance or other instrument is filed for recordation in the office of the Secretary of Transportation * * *.
Effect of recording
(d) Each conveyance or other instrument recorded by means of or under the system provided for in subsection (a) or (b) of this section shall from the time of its filing for recordation be valid as to all persons without further or other recordation * * *.
49 U.S.C. § 1403(c), (d) (1982) (emphasis added). These sections establish that perfection of a security interest occurs on the date the security agreement is “filed for recordation.” See In re Farina, 25 B.R. 411, 413 (Bankr.D.Me.1982) (perfection of security interest in airplane occurs on date security agreement filed for recordation); In re Disney, 24 B.R. 155, 157-58 (Bankr.D.Id.1982) (same).
Under the Act, actual recordation is not necessary for perfection. Actual recor-dation is necessary, however, in order for the creditor to reap the benefits of any priority his filing for recordation may have established. See Philko Aviation, Inc. v. Shacket, supra, 103 S.Ct. at 2480. (“Although state law determines priorities, all *781 interests must be federally recorded before they can obtain whatever priority to which they are entitled under state law”).
In this case, actual recordation of the bank’s security agreement occurred. Since the bank’s security interest was perfected as of the date it was filed for recordation (May 12,1981), it was perfected prior to the date the debtor filed his bankruptcy petition (August 21, 1981). Accordingly, the bank’s security agreement was not avoidable by the trustee.
The trustee seeks to avoid this result by arguing that attachment of the bank’s security agreement did not occur until the debtor acquired record ownership in the airplane. Attachment, of course, is a necessary step in the perfection of a security interest. N.D.C.C. §§ 41-09-16(1), -24(1) (U.C.C. §§ 9-203(1), 303(1)). Further, in order for a security interest to attach, the debtor must have “rights in the collateral.” N.D.C.C. § 41-09-16(l)(c) (U.C.C. § 9-203(l)(c)).
The trustee admits that the debtor had an equitable interest in the airplane prior to filing for bankruptcy. The trustee argues, however, that the debtor’s rights in the airplane were not sufficient to satisfy the “rights in the collateral” requirement. He bases this argument on the contention that, prior to the recordation of his and D.D.C., Inc.’s interest in the airplane, he could not convey an interest which would be indefeasible and valid against third parties. We find no language in the North Dakota statutes or caselaw, however, which would support a conclusion that a debtor must possess such rights in order to have “rights in the collateral.” Instead, we conclude that the rights that the debtor possessed in the airplane prior to filing were sufficient to meet the “rights in the collateral” requirement. See 1 G. Gilmore, Security Interests in Personal Property § 11.5 at 353 (1965) (“less than full ‘legal title’ ” will satisfy the “rights in the collateral” requirement).
In conclusion, we find that the bank’s security interest in the debtor’s airplane was perfected prior to the date the debtor filed for bankruptcy. Accordingly, the judgment of the district court is affirmed.