In re EQUIPMENT LEASSORS OF
PENNSYLVANIA, Debtor.

Barry Solodky, Trustee,

v.

Traub, Butz & Fogerty and Dover
Funding Corporation.

Civ.A. No. 98–6709.

United States District Court,
E.D. Pennsylvania.

May 21, 1999.

Matthew R. Nahrgang, Nahrgang and Associates, P.C., Paoli, PA, for Equipment Leassors of Pennsylvania, Debtor.

Michael H. Kaliner, Jackson & Sullivan, Fairless Hills, PA, for Barry A. Solodky, Chapter 7 Trustee.

Kevin T. Fogerty, Law Offices of Kevin T. Fogerty, Allentown, PA, for First Lehigh Bank, Appellant.

Ronald Clever, Allentown, PA, for Peleican Financial Corporation, Appellant.

Traub, Butz and Fogerty, P.C., C/O Seymour Traub, Blankr, Robe, Comisky & McCauley, Allentown, PA, Defendant, pro se.

Allen B. Dubroff, Philadelphia, PA, for Dover Funding Corporation, Defendant.

Frederic J. Baker, Philadelphia, PA, Trustee, pro se.

## MEMORANDUM AND ORDER

YOHN, District Judge.

The debtor in this chapter 7 bankruptcy case is Equipment Leassors of Pennsylvania ("ELOP"), a closely held corporation principally owned and managed by William Thayer ("Thayer"). ELOP among other activities, was in the business of leasing helicopters. The current appeal concerns the entitlement of Dover Funding Corp. ("Dover") to receive an Aerospiatle A–Star 350D helicopter ("the helicopter") which is part of ELOP's estate.

This appeal arises from two proceedings which were consolidated by the bankrupt-cy court: Dover's motion requesting the Trustee to abandon his interest in the helicopter, and the Trustee's adversary complaint seeking to avoid Dover's lien on the helicopter. After hearing, the bankruptcy court concluded, on November 16, 1998, that Dover had a valid lien on the helicopter which rendered the helicopter completely encumbered and thus, of no value to ELOP's estate. *See* Record on Appeal ("Record"), No. 2, at 17. Before the court is the appeal of the Trustee and several of ELOP's creditors (collectively "the Trustee"), which challenges the bankruptcy court's conclusion that Dover's security interest in the helicopter was perfected more than ninety days before ELOP filed for bankruptcy. For the reasons described below, the bankruptcy court's November 16, 1998, order will be affirmed.

## FACTUAL BACKGROUND

The facts necessary to decide the issue on appeal are uncontested. In 1987, Thayer and his wife, Josephine Thayer, retained the law firm of Traub, Butz & Fogerty, P.C. ("Traub Butz") to represent several of their companies in litigation with Northeastern Bank. On April 21, 1991, the Thayers signed a $500,000 promissory note to Traub Butz, representing the value of unpaid legal fees.[1] As security for this note, on May 30, 1991, William and Josephine Thayer, as President and Secretary, respectively, of "Equipment Leasors of Pennsylvania, Inc. t/a Fleet Helicopter Services" signed a security agreement which purported to give a security interest in the helicopter to Traub Butz.[2] *See* Record, No. 9, at Ex. A.

Traub Butz mailed a copy of the security agreement to the Federal Aviation Administration's ("FAA") Aircraft Registry in

---

1. The note is not part of the Record.

2. The text of the security agreement identifies the debtor as "Equipment Leasors of Pennsylvania, Inc. t/a Fleet Helicopter Services" but the signature line of the security agreement identifies the debtor as "Equipment Leasors of Pennsylvania, Inc. t/a Fleet Helicopter Services, Inc." The signature line of the original security agreement is the only place where "Inc." is appended to Fleet Helicopter Services' name.

Oklahoma City, Oklahoma, where it was stamped as received on June 17, 1991. *See id.* In January, 1992, the FAA notified Traub Butz that the security agreement was not recorded because the name of the debtor on the security agreement, Equipment Leasors of Pennsylvania, Inc. t/a Fleet Helicopter Services, did not match the name of the owner on the helicopter's registration, Fleet Helicopter Services.[3] *See* Record, No. 10, at 21–22. To correct this problem, Mr. Traub crossed out "Equipment Leasors of Pennsylvania, Inc. t/a" on the security agreement so that it read only "Fleet Helicopter Services" and mailed the corrected security agreement back to the FAA. *See id.* at 9–10; No. 9, at Ex. B. The corrected security agreement was stamped as received by the FAA on February 20, 1992, and was later recorded on April 15, 1992. *See* Record, No. 9, at Ex. B. On May 19, 1992, ELOP filed a voluntary Chapter 11 bankruptcy petition. Traub Butz later dissolved and assigned its security interest to Dover. *See* Record, No. 2, at 5.

### PROCEEDINGS BELOW

In the bankruptcy court, Dover argued that the Trustee should abandon his interest in the helicopter because the helicopter is worth less than Dover's $500,000 security interest. *See* Record, No. 6, at 2. The Trustee did not contest that Dover's security interest, if valid, was greater than the value of the helicopter. *See* Record, No. 7, at ¶ 4. The Trustee did argue, however, that Dover's lien was avoidable as a preference because it was only perfected within the ninety day preference period before ELOP filed bankruptcy, and that Dover's lien was avoidable as a fraudulent transfer because Traub Butz did not give reasonably equivalent value to ELOP and because ELOP's grant of the security interest to Traub Butz rendered ELOP

insolvent. *See* Record, No. 8. The bankruptcy court concluded that Dover's security interest was not voidable as a preference under 11 U.S.C. § 547 because it was perfected on June 17, 1991, well before the ninety day preference period began to run. *See* Record, No. 2, at 14. The court also found that Dover's lien was not a fraudulent transfer because, though the Trustee demonstrated that ELOP "received nothing in return for becoming indebted to Traub Butz," the Trustee failed to prove either that ELOP was insolvent when it granted a security interest in the helicopter to Traub Butz, or that its grant of the security interest to Traub Butz rendered it insolvent, both necessary elements of 11 U.S.C. § 548(a)(1)(B). *See id.* at 17.

On appeal the Trustee has not challenged the bankruptcy court's holding that ELOP's grant of the security interest was not a fraudulent transfer. The only issue on appeal is thus whether the bankruptcy court properly determined that Traub Butz perfected its security interest in the helicopter when the FAA received the security agreement on June 17, 1991. *See* Memorandum of Law in Support of Appeal of Bankruptcy Court Order Sur Validity of Lien on Debtor's Helicopter ("Trustee's Brief"), at 4.

### STANDARD OF REVIEW

■ The district court, sitting as an appellate tribunal, applies a clearly erroneous standard to the bankruptcy court's factual findings and a de novo standard to its conclusions of law. *See In re Siciliano,* 13 F.3d 748, 750 (3d Cir.1994).

### DISCUSSION

### I. When a Security Interest is Avoidable as a Preference

The Trustee may avoid Dover's security interest in the helicopter if he proves that

---

**3.** The FAA apparently sent a letter to Traub Butz in early January, 1992, informing the firm that its security interest in the helicopter was unrecorded. *See* Record, No. 10, at 21–22. Unfortunately, this letter is not contained in the Record, and it is thus, impossible to substantiate the Trustee's contention that the FAA returned the original security agreement to Traub Butz with this letter.

ELOP, while insolvent and within ninety days before filing bankruptcy, transferred the security interest to Traub Butz on account of an antecedent debt which ELOP owed to that firm, and the transfer enabled Traub Butz to receive more than it otherwise would have received as an unsecured creditor of ELOP's estate.[4] *See* 11 U.S.C. § 547(b) (listing elements of a preference); (g) (assigning burden of proof to the trustee). The bankruptcy court found, and the parties appear to agree, that the Trustee is able to prove all of these elements except the ninety day timing requirement. *See* Record, No. 2, at 7; 11 U.S.C. § 547(b)(4)(A) (transfer must be made on or within 90 days of filing of bankruptcy petition).

■ The Trustee contends that the transfer did not take place, for purposes of preference analysis, until the corrected security agreement was filed with the FAA on February 20, 1992, within the ninety day preference period. *See* Trustee's Brief, at 4; 11 U.S.C. § 547(e)(2)(B) ("For purposes of this section, ... a transfer is made ... at the time such transfer is perfected, if such transfer is perfected" more than ten days after it takes effect between the parties to the transfer). Dover, on the other hand, contends that its security interest was perfected when it was filed with the FAA on June 17, 1991, because the February 20, 1992, filing relates back to the earlier filing. *See* Memorandum of Law on Appeal of Bankruptcy Court's Order Concerning Lien on Debtor's Helicopter ("Dover's Brief"), at 4. The bankruptcy court correctly concluded that the question of when Dover's security interest in the helicopter was perfected turns on the aircraft registration provi-

sions of the Federal Aviation Act, 49 U.S.C. §§ 44101–44112, and its implementing regulations, 14 C.F.R. §§ 49.1–.55 (1998). *See* Record, No. 2, at 8–10. Pennsylvania's Uniform Commercial Code ("UCC"), which would ordinarily describe the method of perfecting a security interest in goods, recognizes that the Federal Aviation Act provides the sole means of perfecting security interests in aircraft. *See* 13 Pa. Cons.Stat. § 9302(c)(1) (West 1984) (financing statement is not effective "to perfect a security interest in property subject to [ ] a statute or treaty of the United States which provides for a national ... registration"); § 9302(d) ("a security interest in property subject to the statute or treaty can be perfected only by compliance therewith").

## II. Perfection of a Security Interest in an Aircraft

■ The Federal Aviation Act, the predecessor of the current aircraft registration provisions,[5] was designed "to create a central clearing house for recordation of titles so that a person, wherever he may be, will know where he can find ready access to the claims against, or liens, or other legal interests in an aircraft." *Philko Aviation, Inc. v. Shacket,* 462 U.S. 406, 411, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983) (quotations omitted) (citing legislative history). The Act directs the FAA to establish "a system for recording [ ] conveyances that affect an interest in civil aircraft of the United States." 49 U.S.C. § 44107(a)(1). By statute, "the FAA is required to keep a record of the date and time of filing [aircraft conveyances] and to maintain two indexes showing the filing and the actual document is on file. One

---

**4.** The parties agree that the validity of Dover's security interest depends on the validity of Traub Butz's security interest.

**5.** The registration provisions of the Federal Aviation Act, which were previously codified at 49 U.S.C. § 1403, were amended in 1994. *See* Act of July 5, 1994, Pub.L. No. 103–272, 108 Stat. 745 ("An Act to revise, codify and enact without substantive change certain gen-

eral and permanent laws, related to transportation as subtitles II, III, and V–X of title 49, United States Code, Transportation, and to make other technical improvements in the Code."). As the changes to § 1403 were only technical, courts may construe § 44108 in accordance with prior decisions interpreting § 1403.

index is by the name of the parties involved and the other is by the assigned N number of the aircraft" or some other "identifying description of the aircraft." 49 U.S.C. 44107(d); *Fitzgerald v. Idaho First Nat'l Bank (In re Disney)*, 24 B.R. 155, 157 (Bankr.D.Idaho 1982). Every transfer of an interest in aircraft[6] must be filed for recording with the FAA to be enforceable against third parties without actual knowledge of the transfer, but once recorded, the validity of that interest is determined by reference to the law of the state where the transfer occurred. *See* 49 U.S.C. § 44108(a), (c); *Philko*, 462 U.S. at 412–13, 103 S.Ct. 2476 (holding that "state laws allowing undocumented or unrecorded transfers of interests in aircraft to affect innocent third parties are preempted" but that "state law determines priorities" of recorded interests); *South Shore Bank v. Tony Mat, Inc.*, 712 F.2d 896, 898 (3d Cir.1983) (holding that unrecorded interest in airplane was inferior to later-acquired, but recorded, interest).

The Act provides that, as long as it is eventually recorded, any conveyance of an interest in aircraft is effective against all other persons on the date it is filed for recording with the FAA. *See* 49 U.S.C. § 44108(a), (b); 14 C.F.R. § 49.19 (1998) ("A conveyance is filed for recordation upon the date and at the time it is received by the FAA Aircraft Registry."). Courts have consistently applied this section to find that security interests in aircraft were perfected when the security agreement was received by the FAA. *See Armstrong v. State Bank of Towner (In re Gelking)*, 754 F.2d 778, 781 (8th Cir.1985) (holding that bank's security interest in a Piper airplane was perfected on the date it was filed with the FAA and was thus perfected before the debtor filed bankruptcy); *Farina v. South Shore Bank (In re Farina)*, 25 B.R. 411, 413 (Bankr.D.Me.1982) (holding that date of recordation was irrelevant because bank's security interest in Cessna

airplane was perfected when it was filed with the FAA); *Fitzgerald*, 24 B.R. at 157 (holding that bank's security interest in Beechcraft airplane was perfected upon filing even though the FAA did not record the security agreement before the debtor filed bankruptcy); *J.C. Equip., Inc. v. Sky Aviation, Inc.*, 498 S.W.2d 73, 77 (Mo.Ct. App.1973) (holding that rescission of contract to purchase airplane was effective when it was filed with the FAA); *Kerley Chem. Corp. v. Colboch*, 145 Cal.App.2d 509, 302 P.2d 621, 623 (1956) (holding that aircraft mortgage was valid when it was filed for recordation with the Civil Aeronautics Administration even though the C.A.A. returned the original copy to the mortgagee for duplicate filing with the state).

The Trustee admits that *"properly* completed and filed security conveyance instruments are deemed to be 'perfected,' when filed, even if it takes several days, weeks or months for the FAA to formally 'record' the instrument." Trustee's Brief, at 5. The Trustee contends, however, that Dover's security interest was not perfected upon filing because it incorrectly identified the owner/debtor, to the point that someone searching the records under the name of the purported owner of the aircraft, (i.e. Fleet Helicopter Services), would not have been put on record notice of the filing [under] an alphabetically-different name, such as "Equipment Leassors of Pennsylvania, Inc." *Id.* at 11, 14 (emphasis omitted). The Trustee further contends that the cases relied upon by the bankruptcy court are inapposite because they concern the perfection of security interests which correctly identified the debtor when they were filed with the FAA. *See id.* at 5.

The Trustee's argument on appeal amounts to an assertion that the original security agreement, granted and signed by Equipment Leasors of Pennsylvania, Inc.

---

**6.** A helicopter is an aircraft which must be registered with the FAA. *See* 49 U.S.C. § 40102(a)(6) (defining "aircraft" as "any contrivance invented, used, or designed to navigate, or fly in, the air").

t/a Fleet Helicopter Services, was invalid under Pennsylvania law and thus, could not have created a valid security interest when it was filed with the FAA. *See* 49 U.S.C. § 44108(c) (validity of conveyance shall be determined by law of state where conveyance occurred). In support of his contention, the Trustee relies upon a Pennsylvania case holding that a financing statement which identified the debtor by its trade name rather than its corporate name was inadequate to perfect a security interest.[7] *See Dollar Bank v. Swartz,* 540 Pa. 369, 657 A.2d 1242, 1244 (1995); Trustee's Brief, at 14. In *Dollar Bank,* the Pennsylvania Supreme Court commented that financing statements using the debtor's trade name rather than the debtor's corporate name will not perfect a security interest because the purpose of filing financing statements, "to protect other lenders by informing them that the debtor's assets are subject to prior secured claims," will not be achieved if they are "recorded under names other than the official name of the debtor." *Id.* at 1244. The UCC also provides that "[a] financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners." 13 Pa. Cons.Stat. § 9402(g) (West 1984). The security agreement filed with the FAA on June 17, 1991, named the debtor by both its proper corporate name and its trade name. *See* Record, No. 9, Ex. A. *Dollar Bank* and Pennsylvania's UCC thus provide no support for the Trustee's contention that a security agreement naming the debtor by both its corporate and trade names renders the security agreement inadequate to perfect the security interest it memorializes. *See Barton v. ITT Diversified Credit*

*Corp.* (*In re Skinner*), 1977 WL 25582, 22 UCC Rep. Serv. (CBC) 1286 (W.D.Mich. 1977) (financing statement which listed debtor's name, followed by "d/b/a" and his trade name was the "best way possible" for the secured party to name the debtor); *In re Farm & Home Supply Co.,* 22 UCC Rep. Serv. (CBC) 1081 (W.D.Pa.1977) ("we have been unable to find any [cases] in which a filing in the debtor's real name is insufficient because unaccompanied by an additional filing in the assumed or trade name"); *Thomson v. O.M. Scott Credit Corp.,* 1962 WL 9290, 1 UCC Rep. Serv. (CBC) 555 (Pa.Com.P.1962) (security agreement signed by individual debtors without mentioning partnership's trade name was perfected). The Trustee has provided no authority, nor can this court find any, supporting its assertion that the inclusion of the debtor's proper corporate name invalidated the security agreement. *See* Richard C. Tinney, Annotation, *Sufficiency of Designation of Debtor or Secured Party in Security Agreement or Financing Statement Under UCC § 9–402,* 99 A.L.R.3d 478, § 20, 24 (1980). To the contrary, the security agreement may have been invalid if it had omitted the debtor's corporate name. *See* 13 Pa. Cons.Stat. § 9402(g) (West 1984). When filed on June 17, 1991, the security agreement created a valid security interest in the helicopter under Pennsylvania law.

The Trustee also argues that the original security agreement was ineffective to perfect Traub Butz's, and thus, Dover's security interest in the helicopter because the security agreement would not have provided notice of the lien to a third party who searched under the name of the helicopter's owner, Fleet Helicopter Services. *See* Trustee's Brief, at 11–12. The Trustee, however, offers no evidence to support his argument that the FAA would file a

---

7. The Trustee does not argue that the debtor's corporate name is misspelled on the security agreement. The security agreement identifies the debtor as "Equipment Le*a*sors," while the majority of the pleadings in this appeal generally refer to the debtor as "Equipment Leas*sors." See* Record, No. 1–6, 10. There are several pleadings, however, referring to

"Equipment Le*ss*ors." *See* Record, No. 7–9. As the parties cannot agree on the correct spelling of the debtor's corporate name, the court will attach no significance to these misspellings. The court will refer to the debtor as "Equipment Leassors," as that is the name used on both the notice of appeal, and the certificate of appeal.

security agreement listing both the true name, and the trade name of the debtor under only the debtor's true name. The FAA is required to index all conveyances filed with the Aircraft Registry by "the names of the parties to each conveyance, lease and instrument" but neither the statute nor the regulations specify whether a conveyance should be indexed under a party's corporate or trade name. 49 U.S.C. § 44107(d)(2). In the absence of documentation to the contrary, the Trustee's assumption that Traub Butz's security interest would not be revealed in a search for liens against the helicopter is unwarranted, particularly as the FAA recognized that the security agreement encumbered a helicopter registered in the debtor's trade name. The court need not consider the Trustee's slippery slope hypothetical because this case does not present a situation where the wrong debtor is listed on a security agreement or where the aircraft's identifying information is inaccurate. *See* Trustee's Brief, at 12.

█ Finally, the Trustee argues that the June 17, 1991, filing did not perfect Traub Butz's security interest in the helicopter because that document was not recorded. *See* Trustee's Brief, at 12. The FAA's failure to record the security agreement when it was filed on June 17, 1991, is irrelevant because the statute measures perfection by the time of filing and not by the time of recording. *See* 49 U.S.C. § 44108(a), (b). Once the security agreement was finally recorded, on April 15, 1992, it was perfected as of the date it was filed. The FAA itself recognized that the security agreement was effectively filed on June 17, 1991, when it stamped the corrected version of the security agreement as "Record 3490 001 6/17/91." *See* Record, No. 9, Ex. B, at 1. The FAA's requirement that the debtor's true name be deleted from the security agreement before it could be recorded did not affect the validity of the original security agreement. *See* *Farina,* 25 B.R. at 412 (holding that security interest was perfected when security agreement, registration application and bill of sale were filed even though latter docu-

ments were returned to debtor because they failed to identify debtor as the trustee of the trust which owned the airplane); *Fitzgerald,* 24 B.R. at 156 (holding that security agreement was valid when filed even though it was returned to bank because it could not be recorded unless signed by both of the airplane's co-owners). Because the security agreement which Traub Butz filed with the FAA on June 17, 1991, perfected that firm's security interest in the helicopter, its security interest was perfected outside of the ninety day preference period. Traub Butz then transferred its perfected security interest to Dover. The Trustee cannot, therefore, avoid Dover's security interest as a preferential transfer.

### CONCLUSION

The Trustee has not met his burden of demonstrating that ELOP's grant of a security interest in the helicopter to Traub Butz occurred within the preference period preceding ELOP's bankruptcy petition. Accordingly, the decision of the bankruptcy court concluding that Dover's security interest in the helicopter is not avoidable as a preference will be affirmed.