J-A32036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALBERT L. KIRKNER, BRIAN C. MCNEW, AND TRUST INVESTMENT GROUP, LLC | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MICHAEL S. GLASS, MARGERY DANA, AND DGK PROPERTIES, LP, | : : : | |
| APPEAL OF: MICHAEL S. GLASS | : | No. 240 MDA 2017 |

Appeal from the Judgment Entered February 2, 2017
in the Court of Common Pleas of Cumberland County
Civil Division at No(s): 11-3968

BEFORE:   OTT, DUBOW, and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 14, 2018**

Michael S. Glass (Glass) appeals from the judgment entered on February 2, 2017, against him, Margery Dana (Dana), and DGK Properties (DGK), and in favor of Albert L. Kirkner (Kirkner), Brian C. McNew (McNew), and Trust Investment Group, LLC (TIG) (collectively, Appellees).  We affirm.

The trial court summarized the facts of this case as follows.

> On October 12, 2007, [TIG][1] made a loan to DGK …, which was evidence[d] by a mortgage note dated October 12, 2007.  The mortgage note was executed by DGK in favor of [TIG] in the amount of $3,200,000[].  The 2007 loan was secured by a mortgage executed by DGK in favor of TIG and a joint and several guaranty executed by [] Glass and [his wife, Dana,] along with Victor and Denise Kicera.[2]
>
> _____
>
> [1] [TIG] members are [] Kirkner and [] McNew.

_____

*Retired Senior Judge assigned to the Superior Court.

[2] [] Dana and Glass are notarized as husband and wife signatories, as are Victor and Denise Kicera, for the DGK 2007 loan guaranty.

In 2009, [] Glass, on behalf of DGK, entered into another mortgage and note that replaced and superseded the prior mortgage and note with individual members of TIG. To evidence the 2009 loan, DGK executed and delivered a mortgage note dated November 3, 2009, in the principal amount of $2,200,000[], to [] Kirkner and McNew. The 2009 note expressly replaced and superseded the 2007 mortgage and note. Only [] Glass executed a guaranty for the 2009 loan, which specifically did not include language that would terminate or remove parties from the 2007 guaranty.[3]

_____

[3] 2007 guarantors Victor and Denise Kicera were expressly removed from the 2007 guaranty agreement by a separate instrument; hence, the reason they were not named in this action.

The first page of both the 2007 and 2009 guaranty agreement specifically provide[d]: "If I sign another guaranty agreement for the Borrower with you, the other agreement shall not terminate this agreement, but shall be an additional guaranty unless it specifically provides otherwise." It goes on to allow: "The Lender need not get my approval or notify me if […] (5) You accept different notes or contracts for money you lend or credit you give to the Borrower." [] Dana has never been expressly removed from the 2007 guaranty agreement.

Trial Court Opinion, 4/4/2017, at 2-3 (unnecessary capitalization omitted).

On April 29, 2011, Appellees filed a complaint for, *inter alia*, breach of contract against Glass, Dana, and DGK for breach of the October 12, 2007 guaranty agreement, and against Glass and DGK for breach of the November 3, 2009 guaranty agreement. After the close of pleadings, on July 7, 2015, a non-jury trial was scheduled for February 10, 2016.

On December 28, 2015, counsel for Glass and Dana, Timothy Palmer, Esquire, on behalf of his firm, Buchanan Ingersoll and Rooney, P.C. (BIR), filed

a motion to withdraw its appearance. BIR "determined that the interests of [] Glass and [] Dana in this matter are no longer aligned and continued representation to one or both clients would result in an ethical conflict for BIR." Motion to Withdraw, 12/28/2015, at ¶ 4. According to the motion, Dana's new counsel would be entering an appearance imminently. *Id*. at ¶ 8. Additionally, Glass "indicated that he consents to BIR's withdrawing from representing him in this matter." *Id*. at ¶ 9. On December 29, 2016, new counsel for Dana entered an appearance. On January 6, 2016, the trial court issued a rule to show cause as to why BIR should not be permitted to withdraw its appearance on behalf of Glass. Glass did not file a response. On February 5, 2016, the trial court permitted BIR to withdraw.

A two-day non-jury trial occurred from February 10 through 11, 2016. Glass represented himself at trial. On March 3, 2016, the trial court entered a verdict in favor of Appellees, and against Glass, Dana, and DGK jointly for $2,395,616.91 plus $22,975 in legal fees. Both Dana and Glass timely filed post-trial motions. The trial court did not rule on these motions, and on December 30, 2016, Appellees entered a praecipe for judgment on the verdict in the full amount.

Glass obtained new counsel and filed a notice of appeal.[1] Both Glass and the trial court complied with Pa.R.A.P. 1925.

_____

[1] The notice of appeal was filed on February 3, 2017. Since the praecipe for judgment was filed on December 30, 2016, this notice of appeal appears at a

On appeal, Glass sets forth three issues for our review.

1. Did the trial court err by improperly granting [Glass's] prior counsel leave to withdraw, on the eve of trial?

2. Did the trial court err by affording [] Glass insufficient time to prepare for trial after his prior counsel withdrew?

3. Did the trial court err by failing to conclude that [] Glass was fraudulently induced into signing a personal guaranty in 2009[]?

Glass's Brief at 4 (suggested answers omitted).

We first consider Glass's contentions that the trial court erred by permitting counsel to withdraw and by not affording Glass sufficient time to prepare for trial. **See** Glass's Brief at 12-17. Our review of the motions and transcript reveals that Glass neither objected to BIR's motion to withdraw,[2] nor requested additional time to prepare or a continuance.

It is well settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Our Supreme Court has admonished that [a]n appellate court does not sit to review questions that were neither raised, tried, nor considered by the trial

_____

glance to have been filed untimely pursuant to Pa.R.A.P. 903(a). However, it is apparent from the record that notice of entry of the December 30, 2016 judgment pursuant to Pa.R.C.P. 236(b) was not mailed to Glass until February 2, 2017. The date of the entry of an order for the purposes of appeal is the date on which the clerk makes a notation on the docket that notice of entry of an order has been given pursuant to Pa.R.C.P. 236(b). **See** Pa.R.A.P. 108(b). Accordingly, judgment was entered in this case on February 2, 2017, and the notice of appeal was timely filed.

[2] In fact, according to the motion, Glass consented to BIR's withdrawal. **See** Motion to Withdraw, 12/28/2015, at ¶ 9.

court." ***Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship***, 764 A.2d 1100, 1104 (Pa. Super. 2000) (internal quotation marks omitted). "To maximize our efficiency and to maintain and enhance the quality of our dispute resolution process, strict compliance with the procedures designed for issue preservation is essential." ***Dollar Bank v. Swartz***, 657 A.2d 1242, 1245 (Pa. 1995). Here, because Glass neither objected to BIR's motion nor requested additional time to prepare for trial, we conclude Glass has waived these issues for appeal.[3]

We now turn to Glass's third issue, wherein he claims that he was fraudulently induced into signing the 2009 guaranty. Glass's Brief at 17-21. Specifically, Glass claims that Kirkner "represented to [him] that [] Dana would not be a guarantor on the 2009 note." ***Id***. at 17. (unnecessary capitalization omitted). According to Glass, this representation constituted fraudulent inducement and judgment should be entered against only him, rather than both him and Dana jointly. ***Id***. at 21.

Our review of Glass's post-trial motion reveals that he did not raise this issue in that motion.

> Post-trial motions serve an important function in the adjudicatory process because they provide the trial court with an opportunity to correct errors in its ruling and avert the need for

---

[3] Glass's raising of these issues in his post-trial motion did not preserve them for our review. ***See Rancosky v. Washington Nat. Ins. Co.***, 130 A.3d 79, 102 (Pa. Super. 2015) (holding that including an issue in a post-trial motion regarding admissibility of certain evidence did not preserve that issue for review where Rancosky did not make a timely and specific objection during trial).

appellate review. In 1984, this Court adopted Rules 227.1 through 227.4 to establish uniform procedures for post-trial relief in actions at law and equity, and actions tried with or without a jury. Rule 227.1 addresses waiver at the trial court level, as a matter of the trial court's post-trial power. Rule 227.1(b) establishes that issues not preserved … in post-trial motions … are waived. As this Court ruled in *Lane Enterprises, Inc. v. L.B. Foster Co.*, [] 710 A.2d 54 ([Pa.] 1998), Rule 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal," and "[i]f an issue has not been raised in a post-trial motion, it is waived for appeal purposes."

*Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.*, 155 A.3d 39, 44 (Pa. 2017) (some citations and quotation marks omitted).

Based on the foregoing, Glass's failure to include this issue in his post-trial motion renders it waived for appellate purposes.[4]  Having concluded that Glass has waived all issues presented on appeal, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2018

---

[4] Even if Glass had not waived this issue, he would still not be entitled to relief. As the trial court pointed out, "[a]t trial, [Glass's] own testimony showed that there was no language in the 2009 Guaranty that specifically terminated the agreement of the 2007 Guaranty.  As such, the 2009 Guaranty did not terminate the 2007 Guaranty and the 2007 Guaranty permitted for joint and several recovery from [] Dana." Trial Court Opinion, 4/4/2017, at 5.