J-S58021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ZOKAITES PROPERTIES, LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICKOLAS NICKOLICH AND | : | No. 362 WDA 2018 |
| NICKOLICH TOWING & SALVAGE, | : | |
| INC. | : | |

Appeal from the Judgment Entered March 20, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  Case No. GD-16-018926

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                **FILED OCTOBER 22, 2018**

Zokaites Properties, LP (Appellant) appeals from the judgment[1] entered

in favor of Nickolas Nickolich and Nickolich Towing & Salvage, Inc. (Nickolich),[2]

---

[1] Appellant appealed from the February 27, 2017 denial of the post-trial motion, before judgment was entered.  Pursuant to this Court's rule to show cause, Appellant filed a praecipe with the trial court to enter judgment, which occurred on March 20, 2018.  ***See Brown v. Philadelphia College of Osteopathic Medicine***, 760 A.2d 863 (Pa. Super. 2000) (appeal does not properly lie from order denying post-trial motion, but rather upon judgment entered following disposition of post-trial motion).  This Court then discharged our rule to show cause, and amended the caption to reflect that the appeal is properly taken from the judgment.

[2] For ease of discussion, we use "Nickolich" to refer to both Mr. Nickolich and his towing corporation together, and, when discussing Mr. Nickolich's trial testimony, to him individually.

following a bench trial. Appellant avers that the trial court erred in denying relief under the Towing and Towing Storage Facility Standards Act[3] (Tow Act) and Unfair Trade Practices and Consumer Protection Law[4] (UTPCPL), and in finding that Nickolich's charges for its towing services were reasonable. We affirm.

Appellant is a limited partnership and "the developer of a 140 home residential real estate development" in Jefferson Hills Borough, Allegheny County. Its owners are Frank Zokaites and his wife. Appellant's Amended Complaint, 10/5/16, at 1-2; N.T. Trial, 12/4/17, at 7, 62-63. Nickolich "is the appointed towing contractor for Jefferson Hills Borough." Trial Court Opinion, 4/25/18, at 2.

The trial court summarized the factual background as follows:

This action arises out of a single vehicle accident occurring on September 28, 2016, in which [Appellant's] 2001 Mack Tri-axle dump truck rolled out of control and into the backyard of a private residen[ce] in Jefferson Hills Borough, Allegheny County, Pennsylvania. At the time of this incident, [Appellant] was engaged in performing site related construction activities ancillary to the construction of residential homes at Jefferson Estates, a residential community within Jefferson Hill Borough.

On the above-referenced date, the operator [John Zokaites, Frank Zokaites' brother,] failed to set the parking brake before exiting the truck. The Tri-axle slid approximately two-hundred (200) feet, falling on its side and coming to rest in a weeded area where the terrain flattened just short of a child's playset. At the

_____

[3] 73 P.S. §§ 1971.1 – 1971.5.

[4] 73 P.S. §§ 201-1 to 201-9.3.

- 2 -

time of this occurrence the playset and surrounding area was unoccupied. There were no injuries reported as a result of this accident.

[Nickolich] is the appointed towing contractor for Jeffereson Hills Borough. [Appellant] first attempted to upright and remove the vehicle with its own equipment and with its own employees. Following some initial and apparent problems in accomplishing same, the 'up righting' and removal of the vehicle was accomplished by Nickolich[.]

Trial Court Opinion, 4/25/18, at 1-2.

With reference to the record, the trial court made the following findings:

At trial, Nick Nickolich credibly testified that he was the second generation of Nickolich Towing, and that both he and his father had been personally serving the residents of Jefferson Hills Borough since the 1980s. (Tr. at 12). That on the date of this incident, [he] was requested by the Jefferson Hills Police to effectuate the recovery after concerns arose during [Appellant's] own recovery efforts. Specifically, onlookers believed, "[T]hey had too light of chains." (Tr. at 12-13).

At said time, the tri-axle was laying on its side with a ruptured fuel tank in a residential community on a slight downgrade. Nickolich testified that upon meeting with neighbors and police, "they were scared it could have slid down more. And the way they were recovering the vehicle, it could have ended up either going into the property owner's house, or it could have bypassed that and gone down the street into another house." (Tr. at 13).

*Id.* at 11-12.

Nickolich's recovery and tow of Appellant's truck took 10½ hours to complete. N.T. Trial, 12/4/17, at 33. Nickolich testified that the police placed a "hold" on the truck in order to inspect its brakes, and accordingly, Nickolich towed the truck to his lot. *Id.* at 52-53. Frank Zokaites was not at the site when the accident occurred, but arrived the next morning, after the truck had

been towed. *Id.* at 70. The next day, Nickolich remitted a bill to Appellant for $19,436. Appellant offered to pay $450, and Nickolich refused to return the truck.

On October 4, 2016, Appellant commenced the underlying action, raising a single claim of replevin for the truck. Pertinent to this appeal, the complaint also referenced the Tow Act and the UTPCPL as follows:

> As a further direct and proximate result of [Nickolich's] violation of the Towing Act, Section 1971.4 of the Towing Act says that a violation of the Towing Act is also a violation of the [UTPCPL]. Under the UTPCPL, [Appellant] is entitled to treble damages and its attorney's fees and costs.

Appellant's Amended Complaint, 10/5/16, at 11. Nickolich filed preliminary objections, which the trial court overruled.

On February 17, 2017, Nickolich filed an answer, new matter, and counterclaim, seeking judgment in the amount of $19,435 for its services. The case proceeded to a bench trial on December 4, 2017. Appellant informed the court that it was in possession of the truck. N.T. Trial, 12/4/17, at 3. The trial court responded, "the replevin action is moot because you got what you've asked for. . . . So this is strictly over the counterclaim. . . . [Appellant's c]omplaint is moot." *Id.* at 4. Appellant agreed, and raised no claim for damages under the UTPCPL. *See id.*

With respect to the reasonableness of Nickolich's bill, Frank Zokaites and his brother John both testified that Appellant had the proper equipment and a plan to upright the truck, and after securing the truck with chains, it

was 5 to 10 "minutes away from physically uprighting the truck." *Id.* at 72-77, 98, 110. Although Frank Zokaites conceded that fuel was leaking from the overturned truck, he also maintained that the truck was not "in any way[ ] a danger" and there was no risk it would slide away. *Id.* at 83, 89, 94. Both Zokaites brothers testified that Nickolich had agreed to tow the truck the next day with John Zokaites' assistance. *Id.* at 80, 111. However, they both conceded that ultimately the police directed Nickolich to tow the truck. *Id.* at 80, 89, 119, 129.

Nickolich testified that the $19,436 bill was reasonable. N.T. Trial, 12/4/17, at 43. Nick Nickolich explained that the sum included a $7,330 charge for a bill from Dom Folino Construction, whom Nickolich engaged to assist; "hourly rates for the wreckers[,] supervisors and laborers"; charges for the use of Nickolich's equipment; $1,050 for a bill from the local fire company, which, pursuant to Nickolich's protocol with the police, was called to be "on standby" due to the leaking fuel and the risk that someone could get pinned or trapped; and $800 for an ambulance which was also on standby. *Id.* at 15-21, 30-31. Nickolich further testified that the line item charges included a 30% markup, which, according to Nickolich, was the tow industry standard profit margin. *Id.* at 22, 35, 44.

Conversely, Frank Zokaites testified that "in this industry," the standard profit-margin markup for renting equipment was 20%, representing 10% "for overhead and 10[%] for profit." *Id.* at 66. Frank Zokaites reasoned that if

there was no overhead, such as in this case where Nickolich simply called the other service providers, the markup should be only 10%. *Id.* Nickolich countered that "the rental industry is not the same as the tow industry." *Id.* at 43.

We note that at trial, Appellant referred to the Tow Act when arguing that "in addition [to] another legal argument, . . . there was a violation of the [T]ow [A]ct and . . . therefore, as a matter of law, [Nickolich is] not entitled to collect." N.T. Trial, 12/4/17, at 81. During closing, Appellant claimed that Nickolich's violations of the Tow Act "go to the issue of whether the tow was properly authorized." *Id.* at 128-129. Appellant did not mention the UTPCPL during trial.

On December 6, 2017, the trial court issued a verdict and award in favor of Nickolich in the amount of $17,491.50. Appellant filed a timely post-trial motion.[5] Appellant averred: (1) because Nickolich violated various provisions of the Tow Act, Appellant was entitled to treble damages and attorneys' fees under the UTPCPL; (2) Nickolich's towing of Appellant's truck violated Section 3352 of the Vehicle Code[6] ("Removal of vehicle by or at direction of police"),

_____

[5] The ten-day deadline for filing a post-trial motion was Sunday, December 12, 2017. *See* Pa.R.C.P. 227.1(c)(1). Appellant thus had until the following day, Monday, December 18th, to file a post-trial motion, and the filing on that day was timely. *See* 1 Pa.C.S.A. § 1908.

[6] 75 Pa.C.S.A. §§ 101-9805. Appellant also refers to the Vehicle Code as the "Rules of the Road."

- 6 -

and thus Nickolich's bill was improper; and (3) Nickolich's bill was unfair because it included unreasonable excess charges. The court heard argument on the motion on February 22, 2018. Thereafter, the court denied the motion and Appellant filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925(b).

As noted above, this Court determined that judgment had not been entered on the docket and directed Appellant to file a praecipe with the trial court to enter judgment. Judgment in favor of Nickolich in the amount of $17,491.50 was entered on March 20, 2018. The trial court filed an opinion on April 25, 2018, in which it found: (1) Appellant was not entitled to UTPCPL relief because Section 201-9.2(a) of the UTPCPL provides only that "[a]ny person who purchases or leases goods or services **primarily for personal, family or household purposes**" may bring a private action, and here, Appellant and its truck were engaged in a commercial purpose[7]; and (2) an award of $17,491.50 to Nickolich was reasonable based upon Nickolich's

_____

[7] Section 201-9.2(a) of the UTPCPL states in full:

> Any person who purchases or leases goods or services **primarily for personal, family or household purposes** and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S. § 201-9.2(a) (emphasis added).

credible testimony that Appellant's overturned truck had a ruptured fuel tank and was in danger of sliding down a slight downgrade, and the services from Dom Folino Construction and the fire and ambulance company were necessary. Trial Court Opinion, 4/25/18, *citing* 73 P.S. § 201-9.2.

Appellant raises four issues for our review:

1. Whether the Court committed errors of law and fact in failing to find that [Nickolich] violated Pennsylvania's [Tow Act] and whether the lower court should have awarded damages under the [UTPCPL].

2. Whether the Court committed errors of law and fact in failing to find that [Nickolich] violated Pennsylvania's Rules of the Road Act under the Motor Vehicle Code, 75 Pa. C.S.A. § 3352, such that the tow of [Appellant's] Mack Truck was unauthorized.

3. Whether the Court committed errors of law and fact in finding that [Nickolich's] tow bill was fair and reasonable.

4. Whether the Court committed errors of law and fact in making an award to [Nickolich] on [its] tow bill in spite of being instructed by [Appellant] to not upright nor tow [Appellant's] Mack Truck.

Appellant's Brief at 6.

Appellant first alleges that the trial court failed to address whether Nickolich violated the Tow Act. Appellant maintains that it presented uncontroverted evidence that Nickolich violated the Tow Act, 73 P.S. § 1971.3 (listing conduct that a tow truck operator "shall" undertake), by failing to, *inter alia*, store Appellant's truck in a secure location, release the truck when requested by Appellant, and display Nickolich's name and address on its tow truck. Appellant's Brief at 15-17. Appellant contends that these violations not only precluded Nickolich from charging Appellant any fees, but also

entitled Appellant to damages under the UTPCPL. In support, Appellant argues that Section 1971.4 of the Tow Act plainly states: "A violation of this act is also a violation of the [UTPCPL]." *Id.* at 18, *citing* 73 P.S. § 1971.4. Appellant reasons, "Nowhere in the Tow Act does it say that one needs to also prove a violation of the UTPCPL in order to get to the damage aspect of that statute. . . . Thus, [Appellant] did not have to show that the transaction was a consumer transaction, a commercial transaction or otherwise. All that was required was a showing that [Nickolich] violated the Tow Act." Appellant's Brief at 19. Addressing the trial court's reliance on Section 201-9.2 of the UTPCPL, Appellant specifies that it "is not seeking a private action under the UTPCPL," but rather "the private action granted [to it] exists under the Tow Act, Section 1971.4." *Id.* After careful review, we conclude this issue is waived for failure to raise it at trial.

"An appellate court does not sit to review questions that were neither raised, tried, nor considered in the trial court. . . . It is a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that was not presented to the trial court." ***Dollar Bank v. Swartz***, 657 A.2d 1242, 1245 (Pa. 1995) (quotation marks and some punctuation removed). ***See also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Pennsylvania Rule of Civil Procedure 227.1(b) provides:

Except as otherwise provided by Pa.R.E. 103(a),[8] post-trial relief may not be granted unless the grounds therefor,

> (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

> \* \* \*

> (2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa.R.C.P. 227.1(b)(1)-(2).

As stated above, Appellant's complaint raised only one count — an action in replevin to recover its truck — and did not aver any separate cause of action under the Tow Act. Although the complaint included a two-sentence request for UTPCPL damages, Appellant did not object at trial when the court ruled that its complaint was moot and clarified that the only issue before the court was Nickolich's counterclaim. *See* N.T. Trial, 12/4/17, at 4. Appellant's brief does not point to any place in the trial transcript where it raised this issue. *See* Pa.R.A.P. 2117(c) (statement of the case shall specify place in the proceedings at which question sought to be reviewed was raised), 2119(e) (argument must set forth specific cross-reference to the page of the statement of the case which set forth the information required by Pa.R.A.P. 2117(c)).

_____

[8] Appellant's issue is not evidentiary in nature, and thus Pa.R.E. 103(a) does not apply.

Our review of the trial transcript reveals no mention of the UTPCPL by the court or either party; rather, Appellant's sole argument with respect to the Tow Act was that Nickolich was neither "entitled to collect" nor authorized to tow its truck — not that Appellant was entitled to any damages. *See id.* at 81, 128. In light of this failure to raise the issue at trial, Appellant's inclusion of a claim for UTPCPL damages in its post-trial motion did not preserve the issue for appeal. *See* Pa.R.C.P. 227.1(b)(1)-(2). Because Appellant did not properly present this issue before the trial court, it is waived. *See Dollar Bank*, 657 A.2d at 1245.

Appellant's second claim is that Nickolich and the Jefferson Hills Borough Police violated Section 3352 ("Removal of vehicle by or at direction of police") of the Vehicle Code because, *inter alia*, Appellant's truck came to rest on private property, not a highway; did not present any danger; did not impede traffic; and was not abandoned. Appellant reasons that as a result, Nickolich was not authorized to tow the truck and the judgment in favor of Nickolich must be reversed.

Our review of the trial transcript reveals that the sole reference to the Vehicle Code was made in Appellant's closing argument:

> [Appellant's Counsel:] Also there's the **Rules of the Road** that I'd ask for the Court to consider, being subchapter E, **section 3352**. And then the [T]ow [A]ct which is founded —
>
> THE COURT: It strikes me that the violations of the [T]ow [A]ct that you are citing, failure of the address even though his name and phone number is on the side and the posting, they go to whether or not his license can be — he can be fined. They don't

- 11 -

go to liability in this case for the bill.

[Appellant's Counsel:] Well, actually I think — I think that, actually, **both of them go to the issue as to whether the tow was properly authorized and properly done or not**.

THE COURT: It seems, based upon John Zokaites' testimony and on the testimony of [Nickolich], that the police intervened, took control of the situation, and they ordered everything.

[Frank Zokaites]: That's correct.

N.T. Trial, 12/4/17, at 128-129 (emphasis added). Because Appellant advanced some argument that Nickolich's towing of its truck was improper because of a Vehicle Code Section 3352 violation, we will consider the merits of Appellant's claim.

We note the relevant standard of review:

> Our appellate role in cases arising from nonjury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of the jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.
>
> The trial court, as the finder of fact, is free to believe "all, part or none of the evidence presented." "Issues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determination or substitute our judgment for that of the fact finder."

***Gamesa Energy USA, LLC v. Ten Penn Center Associates, L.P.***, 181 A.3d

1188, 1191-1192 (Pa. Super. 2018) (citations omitted).

Section 3352 of the Vehicle Code states in pertinent part:

(b) Unattended vehicle obstructing traffic.—Any police officer may remove or cause to be removed to a place of safety **any unattended vehicle illegally left standing upon any highway, bridge, causeway or in any tunnel**, in such position or under such circumstances as to interfere unduly with the normal movement of traffic or constitute a safety hazard.

(c) Removal to garage or place of safety.—Any police officer may remove or cause to be removed to the place of business of the operator of a wrecker or to a nearby garage or other place of safety **any vehicle found upon a highway** under any of the following circumstances . . . .

75 Pa.C.S.A. § 3352(b)-(c) (emphasis added).

Instantly, the trial court reasoned:

This writer finds that a commercial tri-axle truck, overturned on its side with a ruptured fuel tank, leaking fuel on private property, not owned by the truck owner is worthy of government intervention in regards [to] the safe removal. [Frank Zokaites] testified that the police on scene requested [Nickolich] to remove his vehicle. (Tr. at 80). [Nickolich's] tow service has enjoyed a service contract with Jefferson Hills Borough for generations. (Tr. at 12). This writer finds the characterization of the tow as "unauthorized" as contrary to the evidence and testimony elicited at trial. (**See** entire Transcript).

Trial Court Opinion, 4/25/18, at 10.

While Appellant is correct in pointing out that Section 3352 concerns the removal of vehicles from a highway and that here, its truck came to rest on private property, we conclude that the argument is meritless. There is no language in Section 3352 precluding the type of action undertaken by the police in this case. Further, we agree with Nickolich that the removal of the

truck was proper under Section 3353 of the Vehicle Code, *see* Nickolich's Brief

at 17-18, which addresses the removal of vehicles from private property:

(b) Unattended vehicle on private property.—

(1) No person shall park or leave unattended a vehicle on private property without the consent of the owner . . . except in the case of emergency or disablement of the vehicle, in which case the operator shall arrange for the removal of the vehicle as soon as possible.

\*    \*    \*

(c) Property owner may remove vehicle.—The owner or other person in charge or possession of any property on which a vehicle is parked or left unattended in violation of the provisions of subsection (b) may remove or have removed the vehicle at the reasonable expense of the owner of the vehicle. Such person who removes or has removed a vehicle left parked or unattended in violation of the provisions of subsection (b) shall have a lien against the owner of the vehicle, in the amount of the reasonable value of the costs of removing the vehicle plus the costs of storage. . . . .

75 Pa.C.S.A. § 3353(b)(1), (c).

Here, Appellant's truck was overturned and leaking fuel on the private

property of a homeowner. Appellant initially attempted to upright the truck,

but the homeowner told the police and Nickolich of his concern that Appellant's

equipment was inadequate and the truck posed a danger. N.T. Trial, 12/4/17,

at 12-13. As acknowledged by Frank Zokaites at trial, the police thus directed

Nickolich, an experienced towing company, to secure and tow the truck. We

disagree with Appellant's assertion that Nickolich and the police violated

Section 3352 and the Vehicle Code. Instead, we conclude that Section 3352

is not applicable to the facts of this case, and there was no violation of the

Vehicle Code.

We next address Appellant's third and fourth issues together. First, Appellant contends that Nickolich's charges were unfair and unreasonable. In support, Appellant argues that the charge for Nickolich's "assessment of recovery" was inflated; the charge for the three tow trucks that Nickolich brought to the site was unfair because Nickolich ultimately only used one tow truck; and Nickolich's overall profit markup of 30% was not reasonable where "Zokaites, an experience[d] real estate developer, contractor and builder who owns millions of dollars of equipment, testified that a fair and reasonable markup was only 10%." Appellant's Brief at 24-25. Appellant additionally maintains that Nickolich's recovery and tow of the truck were unauthorized. Appellant alleges that Frank Zokaites specifically directed Nickolich not to tow the truck, and that "the uncontroverted evidence shows there was no need to recover and tow the Mack Truck because it was in a safe position." *Id.* at 27. Appellant also avers that Nickolich agreed to have Appellant assist in recovering the truck with Appellant's equipment.

The trial court awarded Nickolich $17,491.50 — $1,943.50 less than the amount requested by Nickolich — and stated that it found that the amount "was reasonable." *See* Trial Court Opinion, 4/25/18, at 13. Instantly, Appellant presents questions of fact as to whether the amounts charged for the line items in Nickolich's bill were reasonable, and whether — regardless of the police directing Nickolich to tow the truck — Appellant agreed to Nickolich

towing the truck. These arguments would require this Court to reevaluate the evidence adduced at trial and supplant the trial court's credibility determinations with our own; this is not our role as an appellate court and would be improper. *See Gamesa Energy USA, LLC*, 181 A.3d at 1191-1192. At trial, Appellant thoroughly cross-examined Nickolich as to Nickolich's charges for the engagement of Dom Folino Construction, "Assessment of Recovery by Supervisors," the use of Nickolich's own equipment, and the fire and ambulance companies' bills. Nickolich explained the reasons for each of the charges. N.T. Trial, 12/4/17, at 27-39. As discussed above, both Nickolich and Frank Zokaites testified to their understanding of the industry standard for profit margin markups. *Id.* at 22, 66-67. The reasonableness of Nickolich's bill was for the trial court, as the factfinder, to decide, and we may not disturb its findings. *See Gamesa Energy USA, LLC*, 181 A.3d at 1191-1192.

In sum, Appellant's claims do not merit relief. We therefore affirm the judgment entered in favor of Nickolich.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/22/2018</u>