J-S18042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ECYCLE INCORPORATED, LEE HIGH, DANIEL SODOMSKY, AND THOMAS MARKLE, JR. | : | No. 1756 MDA 2018 |
| Appellants | : | |

Appeal from the Order Entered September 26, 2018
In the Court of Common Pleas of Berks County Civil Division at No(s):
13-3103

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 13, 2019**

Ecycle Incorporated, Lee High, Daniel Sodomsky, and Thomas Markle, Jr., (hereinafter collectively "Appellants") appeal from the Order entered in the Court of Common Pleas of Berks County on September 26, 2018, granting the Motion for Summary Judgment of De Lage Landen Financial Services, Inc., (hereinafter "Appellee").  Following our review, we affirm.

The trial court set forth the relevant facts and procedural history herein as follows:

> This case concerns a default on a promissory note executed by [Appellants] in settlement of a prior dispute over several equipment leases. [Appellee] had leased the equipment to [Appellants] and eventually brought suit to collect some outstanding payments. The parties resolved that matter through [Appellants'] agreement to pay a particular sum, providing for confession of judgment upon default.  Such a default occurred,

_____
*   Former Justice specially assigned to the Superior Court.

and the confession of judgment was entered. [Appellants] then sought to open the judgment, primarily reaching back to attack [Appellee's] right to sue on the leases that preceded the settlement agreement. Although the [c]ourt agreed to open the judgment, for the reasons set forth below, the [c]ourt ultimately found that neither [Appellee's] right to sue on the leases nor [Appellants'] default on the promissory note was in question and, therefore, granted summary judgment in favor of [Appellee].

Factual and Procedural Background

In 2000, [Appellee] took over for a previous company in a "Master Contract Financing Program Agreement" with First Union Commercial Corporation. First Union was later succeeded by Wachovia and Wells Fargo. The program was a private-label financing arrangement under which [Appellee] would, in the bank's name, market, approve, and fund equipment lease arrangements with small businesses. The Program Agreement provides that the leases, entered into by [Appellee] but in the bank's name, would be automatically deemed assigned to [Appellee].

Defendant [E]Cycle[1] Incorporated, a small manufacturing company in need of various equipment, was the lessee on six leases created under the program from 2004 to 2007. Each of the leases provides that the lessor may assign the lease. Daniel Sodomsky, the founder and president of [E]Cycle, signed all six leases for the company and as a personal guarantor, while cofounder Lee High and an owner, Thomas Markle, Jr., each signed four of the leases as guarantors. [Appellants] assert that they worked with First Union and then Wachovia based on a long history with the banks and, given the private-label nature of the program, did not know [Appellee] was involved.

In 2008, [Appellants] began to make payments late and then became unable to make payments in 2009. In 2010, [Appellee] commenced litigation based on this failure to pay. The parties resolved that litigation with a settlement agreement under which [Appellants] agreed to pay $169,174.18 ($35,000 of which was already paid at the time of settlement, with the remaining

_____

[1] ECycle is spelled both as "ECycle" and "eCycle" throughout the certified record. For consistency, we adopt the former spelling, which appears in the Settlement Agreement and most often in other pertinent filings, including Appellee's Motion for Summary Judgment.

$134,174.18 to be paid on a schedule set forth in the agreement). [Appellants] also agreed to execute a promissory note for the $134,174.18. All individual [Appellants] executed both the settlement agreement and the promissory note, both of which provided that the note would be entered as a confessed judgment in the event of default. [Appellants] have acknowledged that although they believed the settlement amount would ultimately require them to pay more than they believed was due on the leases, they entered the agreement for the benefit of resolving the litigation.

[Appellants] made a number of $1,500 and $2,500 payments from late 2010 through 2012. Although [Appellants'] debt to [Appellee] had been condensed into one sum under the settlement agreement, [Appellants] apparently wanted to prepay on particular leases, which occasioned a payment of $68,264.91 in July 2012. Nevertheless, by the end of 2012, [Appellants'] payments totaled only $117,764.91. [Appellants] assert they made a January 2013 payment of $2,500, bringing the total paid to $120,264.91. [Appellee] has chosen not to dispute that final payment for purposes of summary judgment, meaning the shortfall between the total paid and the amount required under the settlement agreement is $13,909.27. Whenever [Appellants] discuss the total amount they have paid, they insist on lumping together payments on the original leases and payments on the settlement agreement/promissory note in an effort to highlight the amount by which they claim their payments exceed the amount originally required by the leases. Despite this insistence, nowhere do [Appellants] actually deny that they paid only $120,264.91 subsequent to the settlement agreement/promissory note's requirement that they pay $134,174.18.

Given this shortfall, [Appellee] filed the present action on March 7, 2013, in the form of a Complaint and Confession of Judgment (originally in the amount of $16,409.27 given the disputed January 2013 payment discussed above). On April 9, 2013, [Appellants] filed an Answer, with new matter and new matter in the nature of a counterclaim, along with a Petition to Open Judgment in Confession of Judgment. After some extensions of time related to execution-and exemption-related discovery and proceedings, the [c]ourt held an evidentiary hearing on April 15, 2014, at which time it granted the petition to open the confessed judgment. In June 2014, [Appellee] filed an initial motion for summary judgment, which after briefing the [c]ourt denied in October 2014. [Appellants] then moved to amend their answer

- 3 -

and new matter, which the [c]ourt also denied (the law prohibiting such amendment following the opening of a confessed judgment is discussed below). Highly litigated discovery ensued over the following years. In late 2017, the [c]ourt issued a case management order to schedule argument on a discovery matter and also set a deadline for dispositive motions to move the case toward conclusion. [Appellee] filed a new motion for summary judgment on January 31, 2018. Following briefing and continuances, the [c]ourt granted that motion by order dated September 24, 2018, and docketed September 26, 2018. That order was the subject of [Appellants'] notice of appeal filed October 24, 2018. The [c]ourt subsequently ordered and received Appellants' Concise Statement of Errors Complained of on Appeal.

Trial Court Opinion, filed 12/20/18, at 1-4.

On November 19, 2018, Appellants filed their Concise Statement of the Errors Complained of on Appeal. In their appellate brief, Appellants present the following Statement of the Questions Involved:

> A. Whether the lower court erred in granting Appellee's motion for summary judgment because Appellants established the existence of genuine issues of material fact that must be decided at trial with respect to monies allegedly owed by Appellants to Appellee and because Appellants raised meritorious defenses to the complaint in confession of judgment as set forth in the Appellants' petition to open the confession of judgment filed on April 9, 2013, and in the testimony presented at the hearing on April 15, 2014 held by the lower court of [sic] the Appellants' petition to open the confession of judgment?

> B. Whether the lower court erred in granting Appellee's motion for summary judgment on Appellants' counterclaims against Appellee because Appellants established genuine issues of material fact with regard to those counterclaims because Appellee breached the terms of the settlement agreement by credit reporting against Appellants, which relieved Appellants from making any further payments under that agreement, and acted fraudulently in stating the amounts due therein to

the significant detriment of Appellants and for which Appellants were entitled to damages, Attorneys fees, and costs?

C. Whether the lower court erred in granting Appellee's motion for summary judgment because the Appellants established the existence of genuine issues of material fact that should have been decided at trial with respect to monies allegedly owed by the Appellants to Appellee because the lower court previously granted Appellants' petition to open judgment and also because the court previously denied the Appellee's motion for summary judgment in 2014 on the same grounds raised by the Appellee?

D. Whether the lower court erred in granting Appellee's motion for summary judgment against Appellants and entering judgment in favor of Appellee and against the Appellants in the amount of $13,909.27 as this was not the amount Appellee claimed it was owed by the Appellants in its complaint filed in this case, which, in and of itself, demonstrates that there was a genuine issue of material fact as to the amount of money, if any, was owed to the Appellee?

Brief for Appellants at 2-3 (unnecessary capitalization omitted).

It is well-settled that:

[o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds

could not differ can a trial court properly enter summary judgment.

***Ludwig v. McDonald***, 2019 WL 759973 at *5 (Pa.Super. filed Feb. 21, 2019) (citations omitted).

Appellants' initial argument mirrors the second point they raised in their Concise Statement of the Errors Complained of on Appeal. As the trial court observed in its Rule 1925(a) Opinion, this allegation "broadly states that the [c]ourt erred by granting summary judgment without highlighting any particular argument." Trial Court Opinion, filed 12/20/18, at 6. The court was left to surmise what viable arguments, if any, it deemed to be available to Appellants. ***Id***. In doing so, the trial court posited that "the only arguments available in this situation are that [Appellee] failed to account payments in certain ways or provide payoff figures, and that it was unable to sue on the leases because it did not have proper assignments of the leases or title to the equipment." ***Id***. at 6-7.

The trial court found none of the arguments it suggested could entitle Appellants to relief, as the underlying action sought for them to satisfy their obligation on the Promissory Note. ***Id***. at 7-8. The trial court posited that "[t]he arguments related to apportionment of payments and payoff figures for particular lease accounts are irrelevant to a suit on the settlement agreement and promissory note, under which the parties agreed to settle the matter for one sum of money on a defined payment schedule." ***Id***. at 7. The trial court further reasoned that [a]rguments about title and assignments are directed

at the earlier underlying leases and, as such, are only relevant if they can legally undermine the settlement agreement." *Id*. The trial court concluded that title is inapposite in this context, for "[t]he lessee is surely responsible to *someone* because it did have possession and use of the equipment; [Appellee] funded and arranged for that possession, and as with the lease agreements, the only other entity that might really have a say is the bank, which for its part supports [Appellee's] suit on the leases." *Id*. at 8 (emphasis in original).

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." *Commonwealth v. McGriff*, 160 A.3d 863, 872 (Pa.Super. 2017), *appeal denied*, 176 A.3d 853 (Pa. 2017) (citation omitted); Pa.R.A.P. 302(a). It also is well-settled that a concise statement of the errors complained of on appeal must be specific enough for the trial court to identify and address the issue or issues that the appellant wishes to raise on appeal. *In re A.B.*, 63 A.3d 345, 350 (Pa.Super. 2013). Pa.R.A.P. 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii).

"When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d

683, 686 (Pa.Super. 2001) (citation omitted). "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* at 686–87. Thus, this Court may find waiver where a concise statement is too vague. *Hansley*, at 415 (citation omitted); *see also Lineberger v. Wyeth*, 894 A.2d 141, 148–49 (Pa.Super. 2006) (holding that where an appellant's Rule 1925(b) statement generally stated that the trial court had erred when it granted the appellee's summary judgment motion and did not reiterate the arguments the appellant had raised in her opposition to the motion for summary judgment, the appellant's statement was so vague that she had failed to preserve any issue for appellate review and, consequently, waived her issues on appeal).

Herein, as the trial court found, Appellants failed to specify in the second paragraph of their Rule 1925(b) statement any particular argument in support of their broad claim that the trial court had erred in granting summary judgment, leaving the trial court to speculate as to the claims they intended to raise. "Even if the trial court correctly guesses the issues [an a]ppellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived." *Commonwealth v. Heggins*, 809 A.2d 908, 912 (Pa.Super. 2002) (citation omitted). "[T]he courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations

may be raised by the appellate court *sua sponte.*" **Commonwealth v. Hill**, 609 Pa. 410, 428, 16 A.3d 484, 494 (2011). Thus, we find Appellants have waived the first issue presented in their appellate brief.

Appellants next assert the trial court erred in granting Appellee's motion for summary judgment because Appellee breached the terms of the parties' Settlement Agreement by credit reporting against Appellants, which Appellants argue relieved them from making additional payments under the terms of that Agreement, and in fraudulently stating the amounts due to Appellee to Appellants' significant detriment. However, our review of the record reveals Appellants did not raise these issues in their Petition to Open and Answer to Complaint in Confession of Judgment filed on April 9, 2013, and, instead, presented them for the first time in their Concise Statement of the Errors Complained of on Appeal. In fact, in support of these claims Appellants cite to paragraphs nine through twelve of their Petition to Open, which generally speak to Appellee's ownership interest in the specific pieces of equipment that it sought to sell under lease purchase to Appellants and nowhere mention credit reporting. **See** Brief for Appellants at 38-40.

Following a confession of judgment, the debtor can choose to litigate the judgment by filing a petition in compliance with Pa.R.C.P. 2959. Pursuant thereto, the debtor must raise all grounds for relief (to strike off or open) in a single petition, which can be filed in the county where the judgment originally was entered or in any county where the judgment has been transferred.

Pa.R.C.P. 2959(a)(1). The rule is clear that a party waives all defenses and objections which are not included in the petition or answer. **See** Pa.R.C.P. 2959(c). **Neducsin v. Caplan**, 121 A.3d 498, 505-06 (Pa.Super. 2015) (some citations and quotation marks omitted), *appeal denied*, 635 Pa. 726, 131 A.3d 492 (2016); **see also Stahl Oil Co., Inc. v. Helsel**, 860 A.2d 508 (Pa.Super. 2004) (holding claims that were not raised in the petition to open confessed judgment or answer thereto are waived, even if they were raised in a subsequent petition for rule to show cause). Thus, we agree with the trial court herein that "the [aforesaid] issue's total absence from the pleadings and petition to open renders it waived in these proceedings." Trial Court Opinion, filed 12/20/18, at 6.[2]

In their third claim of error, Appellants contend the trial court erred in granting Appellee's first motion for summary judgment on a more fully developed record in light of its previously granting Appellant's petition to open judgment and denying Appellee's motion for summary judgment in 2014. Appellants reason that "[a]s the lower court already acted on the Petition to Open Judgment in this matter, it has necessarily exercised the same type of review that would be considered when viewing a Motion for Summary Judgment because the court would have to view the record in the light most

---

[2] Even had Appellants preserved properly this claim for our review, we note that the Settlement Agreement makes no mention of credit reporting; therefore, Appellants would be hard-pressed to prove their allegation that Appellee breached the Agreement by engaging in negative credit reporting.

favorable to [Appellants] and resolve all doubts about genuine issues of material fact against [Appellee]." Brief for Appellant at 47. Appellants reason that "[a]s the lower court has previously found that there were meritorious defenses and that Appellants produced sufficient evidence to require the case to be submitted to a jury, it erred in granting Appellee's Motion for Summary Judgment on a more fully developed record as set forth above." *Id*. We disagree.

Appellants' arguments purport to invoke the coordinate jurisdiction rule. The coordinate jurisdiction rule commands that upon the transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter the resolution of a legal question previously decided by a transferor trial judge. **Zane v. Friends Hospital**, 575 Pa. 236, 243, 836 A.2d 25, 29 (2003) *citing* **Commonwealth v. Starr**, 541 Pa. 564, 664 A.2d 1326, 1331 (1995). In **Zane**, the Pennsylvania Supreme Court explained the basis for the rule:

> [The] rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." Furthermore, ... the coordinate jurisdiction rule serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation.

**Id**. (citation omitted).

As stated previously, failure to raise an issue before the trial court results in waiver of that issue on appeal. Pa. R.A.P. 302(a); **Dollar Bank v. Swartz**, 540 Pa. 369, 657 A.2d 1242, 1245 (1995) (citations omitted) ("It is

a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that was not presented to the trial court."). Even if an issue "was included in [a] subsequently filed motion for reconsideration, issues raised in motions for reconsideration are beyond the jurisdiction of this Court and thus may not be considered by this Court on appeal." **Rabatin v. Allied Glove Corp.**, 24 A.3d 388, 391 (Pa.Super. 2011) (citation omitted).

Appellants herein did not file a motion for reconsideration following the trial court's September 26, 2018, Order, and raised this theory of relief for the first time in their Concise Statement of the Errors Complained of on Appeal following the trial court's granting Appellee's second motion for summary judgment. Thus, they have waived it on appeal. **See** Pa.R.A.P. 302; **Dollar Bank**, 657 A.2d at 1245; **Rabatin**, 24 A.3d at 391.

Regardless, because no prior lawsuit before another trial court exists, the coordinate jurisdiction rule is inapplicable, as the instant matter is part of ongoing litigation before the same court. Appellee filed their second summary judgment motion on January 31, 2018, over three years after the trial court's order denying its first motion for summary judgment in October of 2014 had been entered. Appellants admit in their appellate brief that in response to their filing of the Petition to Open Judgment in Confession and Answer to Appellee's Complaint and Confession of Judgment, "the [trial] court stayed the matter and granted leave to the [p]arties to *conduct discovery*" and that

following a hearing on the Petition to Open Judgment in Confession of Judgment "granted the Appellants' Petition to Open the Confessed Judgment, [and] the case *proceeded with discovery and litigation*." Brief for Appellants at 8-9 (emphasis added). Appellant goes on to explain that following the trial court's denial of Appellee's first summary judgment motion, "*discovery* and litigation *in this case continued*." **Id**. at 9-10 (emphasis added). Among that discovery was the oral deposition of David Banks, Esq., taken on January 5, 2016, and that of Stephen F. Majer, Jr., taken on May 26, 2017, as well as numerous interrogatories.

Therefore in deciding the instant motion for summary judgment, the trial court considered additional facts and evidence regarding the payments made pursuant to the terms of the Promissory Note and Settlement Agreement that had not been presented to it previously. **cf. Campbell v. Attanasio**, 862 A.2d 1282, 1285-87 (Pa.Super. 2004), *appeal denied*, 584 Pa. 684, 881 A.2d 818 (2005) (holding trial court erred in granting of defendant's motions *in limine* and dismissing plaintiff's case because a prior judge had denied a substantially similar motion for summary judgment, the motions raised the same legal issue, and there was no indication that the second judge had considered additional facts or evidence which had not been presented to the first).

In the single-paragraph argument Appellants devote to their final claim, they argue the fact that the trial court entered judgment in favor of Appellee

in the amount of $13,909.27 instead of $16,409.27, the amount Appellee

initially asserted was due and owing, clearly demonstrates that there is a

genuine issue of material fact which should have precluded summary

judgment. Appellants' argument on this basis is disingenuous, for in the

second paragraph of its Motion for Summary Judgment, Appellee stated the

following:

> 2.    [Appellants] have made payments totaling only $120,264.91, leaving an outstanding balance of $13,909.27.[1]
>
> ___
>
> [1][Appellee's] records reflect [Appellants] have only made payments totaling $117,764.91, leaving an outstanding balance of $16,409.27.  [Appellants] contend they provided an additional $2,500 payment, but they failed to provide any evidence in support of this assertion.  To avoid the expense of trial and conserve the resources of the [c]ourt, for the purpose of this summary judgment motion only, [Appellee] is willing to accept [Appellants'] assertion that they made an additional payment.  If this matter proceeds to trial, however, [Appellee] reserves the right to seek the full payment to which it is entitled:  $16,409.27.

Motion for Summary Judgment, filed 1/31/18, at 2; ¶2, n. 1.

As the trial court states in its Opinion, Appellants do not deny they have

failed to meet their contractual obligations under the Promissory Note to which

they had agreed in 2014 pursuant to the Settlement Agreement in a complete

and timely manner, and instead, refer to payments made under the original

lease agreements, which predated the Agreement and Note. Trial Court

Opinion, filed 12/20/18, at 8.  Thus, Appellee's decision to accept, in the

interest of judicial economy and for the benefit of Appellant, what it deems to

be a reduced amount from Appellants "removes the only fact issue that might

have been in dispute, namely, the additional $2,500 payment" for the purposes of the summary judgment motion. ***Id***.

Accordingly, we affirm the trial court's Order entering summary judgment against Appellants.

Order affirmed.

Judge Bowes joins the Memorandum.

Judge Nichols Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/13/2019